FILED — LODG
RECEIVED — COPY

MAY I 7 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MATTHEW DAVEE,

      Plaintiff,

vs.

CITY OF TUCSON, et.al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

No. CIV 02-159-TUC-WDB

**ORDER SETTING CONFERENCE PURSUANT TO RULE 16, FEDERAL RULES OF CIVIL PROCEDURE**

IT IS ORDERED that a telephonic status conference will be held in the above entitled action on **June 18, 2002** at the hour of **9:00 a.m.** before Judge Browning's law clerk, **Greg Sakall** at **(520) 205-4512.** Defendants' counsel shall initiate the status conference by calling the law clerk with both parties on the line.

IT IS FURTHER ORDERED that parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

IT IS FURTHER ORDERED that Parties are directed to confer at least 21 days before the conference, in accordance with Rule 26(f), Federal Rules of Civil Procedure, to discuss the following matters:

A.     The possibility of consent to a United States Magistrate Judge to conduct any or all proceedings pursuant to 28 U.S.C. § 636(c), the suitability for referral of this matter to



this District's court-annexed voluntary arbitration program or any other alternative dispute resolution mechanism, or the referral of this matter to a special master;

B.    Any matters relating to jurisdiction or venue or the joinder of additional parties;

C.    The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

D.    A schedule of all pre-trial proceedings;

E.    Modification of pre-trial procedures due to the simplicity or complexity of the case

F.    Arrangements for Initial Disclosures in compliance with Rule 26(a)(1), Federal Rules of Civil Procedure.  Initial Disclosures shall be made at or within 14 days after the Rule 26(f) conference unless the parties stipulate to a different time or object in the manner required by Rule 26(a)(1); Counsel shall file with the Clerk of the Court, in accordance with Rule 26(a)(4) and Rule 1.2.2 of the Rules of Practice of the United States District Court for the District of Arizona, a Notice of Initial Disclosure, rather than copies of the actual disclosures;

G.    Any other matters which counsel may feel will help dispose of the matter in an efficient manner; and

H.    Development of a Proposed Discovery Plan.

IT IS FURTHER ORDERED that Counsel shall file with the Court, on or before **June 14, 2002**, a **joint report** reflecting the results of their meeting and outlining the discovery plan. No extensions will be granted.  **Willful failure to comply will result in imposition of sanctions.**  The report shall include individually numbered brief statements indicating:

1.    The nature of the case: setting forth in a brief statement the factual and legal basis for Plaintiff's claims and Defendants' defenses;

2.    A list of the elements of proof necessary for <u>each</u> count of the complaint and each affirmative defense.  Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail.  The list of the elements of proof must contain citations to relevant legal authority. (i.e., United

States statutory and/or administrative law, U.S. Supreme Court cases, Ninth Circuit Court of Appeals case law, Arizona State case law and statutory law, or other authority as dictated by the conflicts of law rules);

3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4. The jurisdictional basis of the case, citing specific statutes;

5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking default on any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are further dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated;

8. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge;

9. The status of related cases pending before other judges of this court or before other courts;

10. A statement of when Initial Disclosures were made or will be made, any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), or, if applicable, of the stipulation to set a different time or objection to initial disclosures. Objections shall be made in the manner required by Rule 26(a)(1);

11. Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2);

12. The scope of discovery, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon

particular issues.  For example, where dispositive motions will be filed (*e.g.*, motions for summary judgment or a defense relying on the statute of limitations) counsel should consider limiting discovery to the issue at hand until the court has ruled on the motion;

13.  Proposed deadlines for:

(a) initial disclosures required by Rule 26(a)(1) (if not already done, see page 2, paragraph F);

(b) addition of parties or amending complaint;

(c) discovery (if the parties believe that discovery will require more than 180 days, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is <u>necessary)</u>;

(d) filing dispositive motions;

(e) disclosure of initial expert testimony and rebuttal expert testimony, under Rule 26(a)(2)(C), Fed.R.Civ.P.;

(f) witness list;

(g) settlement status reports; and

(h) filing pre-trial statement;

14.  Counsel shall disclose what evidentiary hearings, such as *Daubert*, will be required and when such hearings shall be held;

15.  Estimated date that the case will be ready for trial, the estimated length of trial and any suggestions for shortening the trial;

16.  Whether a jury trial has been requested and whether the request for jury trial is contested.  If the request for jury trial is contested, the Joint Report shall set forth the reasons that a trial by jury is in dispute;

17.  The prospects for settlement, specifically addressing the Parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement;

18. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes;

19. Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to Local Rule 2.12; and

20. Any suggestions to expedite the disposition of this matter.

After the conference the Court will enter a Scheduling Order limiting the time within which counsel may file pre-trial motions, complete discovery, and file the proposed pre-trial order. To the extent that the Court's Scheduling Order differs from the parties' proposed schedule, the provisions of the Court's Order shall supersede the parties proposed schedule and shall control the course of the action unless modified by subsequent Order.

IT IS FURTHER ORDERED that all parties are expected to comply with Rule 26, Federal Rules of Civil Procedure, and to minimize the expense of discovery.

**IT IS FURTHER ORDERED that it is the responsibility of Defendants' counsel to initiate the communication necessary to prepare this joint report.** The parties and their counsel are all cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced. This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the Parties under Rule 1, Federal Rules of Civil Procedure.

Dated this 16 day of May, 2002.

William D. Browning
Senior United States District Judge

- 5 -